**In re OKLAHOMA STATE NAVY LADIES AUXILIARY & MARINE CORPS, LICENSES TO CONDUCT BINGO GAME, DISTRICT 3A1, 3A2 AND 3A4, Appellant,**

v.

**Robert H. MACY, District Attorney, Oklahoma County, Oklahoma, Appellee.**

**No. 73567.**

Court of Appeals of Oklahoma, Division 1.

Nov. 26, 1991.

Ray R. Fulp, Jr., Oklahoma City, for appellant.

Aletia C. Haynes, Asst. Dist. Atty., Oklahoma City, for appellee.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

The Oklahoma State Navy Ladies Auxiliary and Marine Corps (Appellant) filed applications to renew bingo licenses in several districts in which it is formed in Oklahoma. The Oklahoma County District Attorney's office filed a protest to the applications. After a trial to the court, Appellants' appli-

cations were denied, and this appeal was filed.

Appellant contends that it qualified under 21 O.S.1981 § 995.1 for issuance of a bingo license because it qualifies as a nonprofit organization under 26 U.S.C. § 501(c)(4) of the Internal Revenue Code (IRC). 26 U.S.C. § 501(c)(4) provides:

(c) List of exempt organizations.

The following organizations are referred to in subsection (a):

(4) Civic leagues or organizations not organized for profit but operated exclusively for the promotion of social welfare, or local associations of employees, the membership of which is limited to the employees of a designated person or persons in a particular municipality, and the net earnings of which are devoted exclusively to charitable, educational, or recreational purposes.

Appellant testified that it is recognized by the Internal Revenue Service (IRS) as a non-profit, social welfare organization under § 501(c)(4) above. Thus, it argues that under 21 O.S.1981 § 995.1, which recognizes the tax-exempt status of § 501(c)(4) organizations, it should be issued a bingo license. It also argues that a presumption of non-profitability exists as to an organization which qualifies as a non-profit entity under § 501(c) of the IRC. We note the language of 21 O.S.Supp.1987 § 995.3 which provides:

Any organization or association may apply to the district court clerk of the county in which it is situated for a license to conduct bingo games. The application shall be on such form as designed by the Administrative Director of the Courts and shall state sufficient facts to enable a determination as to whether the license should be issued. Except in the case of churches which are naturally immune from taxation according to the Internal Revenue Code, said application shall be accompanied by a copy of ... a letter or other certificate from the Internal Revenue Service wherein it is recognized that the applicant or parent organization or association of the applicant is a nonprofit organization and exempt from payment of federal income taxes. . . .

■ Section 995.3 (as quoted above and hereinafter) indicates to this Court that even when the appropriate supporting documentation of nonprofit status from the IRS accompanies the application, a determination must be made as to whether a license should be issued. The fact that a hearing must be held when a protest is filed indicates that the application may be denied, notwithstanding the nonprofit status recognized by the IRS. Thus, the issuance of the license is subject to more scrutiny than whether the IRS has recognized it as a nonprofit organization.

■ Appellant contends that the trial court erred in placing the burden of proof as to non-profitability on Appellant. Appellant contends that it introduced testimony at trial of social welfare conducted by Appellant, and that any additional burden of proof rested with Appellee at trial on this issue, citing the Oklahoma Uniform Jury Instructions in Civil Cases, Instruction number 3.1. Appellee responds that the burden of proof was properly placed on Appellant. It cites 21 O.S.Supp.1987 § 995.3 which provides:

[P]rovided, that if any citizen of the county files a written protest setting forth objections, then the district court clerk shall advise the chief judge *who shall hear the application* or assign such application to a district judge or associate district judge or special judge for hearing. . . . (Emphasis added).

■ Appellee argues that the statutory language indicates that, because the application is heard if a protest is filed, the party who filed the application has the burden of proof. We agree, and hold that the merits of the application, i.e., the application to renew the bingo license, must be proved when a protest thereto is filed. Thus, the applicant has the burden of proof. In the present case, the transcript shows that Appellant was unable to prove its social welfare activities through supporting written documentation, despite being issued a subpoena duces tecum. It also

had no written records of rental or equipment leases to explain the monthly expenditures and to show it operated as a nonprofit organization. In a case of equitable cognizance, a judgment will be sustained on appeal unless found to be against the clear weight of the evidence or is contrary to law. See *Paris Bank of Texas v. Custer*, 681 P.2d 71 (Okl.1984). The trial court's judgment is not against the clear weight of the evidence.

Appellant raises the issue that Appellee failed to follow the proper procedure to revoke, rather than to protest, the issuance of a bingo license. This issue was not raised in the Petition in Error and is not properly before this Court on appeal.

AFFIRMED.

BAILEY and ADAMS, JJ., concur.